UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:21-cv-23709-MGC

WILSON VILLA,
and other similarly situated individuals,

    Plaintiff(s),

v.

TURCIOS GROUP CORP,
CONTRACTORS ELECTRICAL
SERVICES, INC.,
HENRY TURCIOS, and
LEONARDO RODRIGUEZ, individually

    Defendants,
_____/

**FIRST AMENDED COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff WILSON VILLA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants TURCIOS GROUP CORP, CONTRACTORS ELECTRICAL SERVICES, INC., HENRY TURCIOS, and LEONARDO RODRIGUEZ, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff WILSON VILLA is a covered employee for purposes of the Act. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant TURCIOS GROUP CORP (hereinafter TURCIOS GROUP, or Defendant) is a Florida corporation, having a business in Dade County, Florida, where Plaintiff worked. Defendant was engaged in interstate commerce.

4. Defendant CONTRACTORS ELECTRICAL SERVICES, INC. (hereinafter CES, or Defendant) is a Florida corporation, having a business in Dade County, Florida, where Plaintiff worked. Defendant was engaged in interstate commerce.

5. The individual Defendant HENRY TURCIOS was and is now the owner/partner/officer and operator of Defendant Corporation TURCIOS GROUP. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. The individual Defendant LEONARDO RODRIGUEZ was and is now the owner/partner/officer and operator of Defendant Corporation CES. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Defendants TURCIOS GROUP and CES are a joint enterprise and joint employers of Plaintiff.

8. All the actions raised in this complaint took place in Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

9. Plaintiff WILSON VILLA brings this cause of action as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff also brings this action on behalf of all other

current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2018, (the "material time") without being adequately compensated.

10. Defendants TURCIOS GROUP and CES are commercial electrical contractors doing business in Miami, Florida. Defendants have a place of business located at 12063 SW 131 Avenue, Miami, Florida 33186, where Plaintiff worked.

11. The individual Defendants HENRY TURCIOS and LEONARDO RODRIGUEZ were the owners and operated and managed the businesses described above.

12. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants TURCIOS GROUP and CES are a joint enterprise because 1) the two companies have the same or related business activities; 2) both companies operated out of the same location; 3) both companies shared centralized management, equipment, and supplies; 4) Defendants operated as a single unit for a common business purpose; 5) between Defendants existed unified operation and common control, and they operated as a single unit; 6) Defendants shared a common business purpose, the profitable operation of the commercial electrical contractor business; 7) Defendants had an interdependent financial interest; 8) Plaintiff worked for Defendants TURCIOS GROUP and CES.

13. Pursuant 29 C.F.R. §791.2. Defendants TURCIOS GROUP and CES were joint employers because: 1) Defendants through their owners/managers HENRY TURCIOS and LEONARDO RODRIGUEZ, had equal and absolute control over the Plaintiff and other employees similarly situated; 2) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 3) Defendants operated the facilities where Plaintiff and the other similarly

situated employees worked; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of TURCIOS GROUP and CES; 5) Plaintiff was paid for his services on behalf of the two companies with checks and cash from TURCIOS GROUP and CES; 6) The same individuals, HENRY TURCIOS and LEONARDO RODRIGUEZ had the power to hire and to fire employees from TURCIOS GROUP and CES, equally.

14. Therefore, because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants TURCIOS GROUP and CES are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

15. Defendants TURCIOS GROUP and CES are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

16. Defendants TURCIOS GROUP and CES hereinafter will be called TURCIOS GROUP collectively.

17. Defendants TURCIOS GROUP, HENRY TURCIOS, and LEONARDO RODRIGUEZ employed Plaintiff WILSON VILLA approximately from June 2013 to August 16, 2021, or more than eight years. However, for FLSA purposes, Plaintiff's relevant period of employment is 147 weeks.

18. Plaintiff was hired as a non-exempted, full-time, hourly electrician, and during the relevant time of employment, he was paid at the wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

19. During his relevant period of employment with Defendants, Plaintiff had a regular schedule, and he worked as follows:

20. From approximately October 18, 2018, to August 15, 2020, or 95 weeks, Plaintiff worked five days per week, from Monday to Friday, from 6:30 AM to 4:30 PM (10 hours daily). Thus, Plaintiff completed 47.5 working hours weekly. (Plaintiff has already deducted 2.5 hours of lunchtime). Plaintiff was paid at the rate of $18.00 an hour, and his overtime rate should be $27.00 an hour.

21. From approximately August 16, 2020, to his last day of employment, August 16, 2021, Plaintiff worked six days per week on the same schedule, or 10 hours daily. Thus, Plaintiff completed 57 working hours weekly. (Plaintiff has already deducted 3 hours of lunchtime). Plaintiff was paid at $18.00 an hour, and his overtime rate should be $27.00 an hour.

22. Thus, while employed by Defendants, Plaintiff worked 95 weeks of 5 days with 47.5 hours and 52 weeks of 6 days with 57 working hours.

23. Defendants always required Plaintiff to work more than 40 hours weekly, but they did not pay Plaintiff overtime hours as required by the FLSA.

24. Plaintiff did not clock in and out. However, the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals. Defendants knew that Plaintiff and other similarly situated were working more than 40 hours weekly.

25. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

26. Plaintiff was paid weekly, sometimes by direct deposits, and sometimes with cash or checks accompanied with any paystubs that did not provide information about the actual number of days and hours worked.

27. Plaintiff was not in agreement with the wages received every week, and he complained to the owner of the business HENRY TURCIOS multiple times, but he always received the same answer: "I pay only 40 hours".

28. On or about August 16, 2021, Defendant HENRY TURCIOS told Plaintiff that he did not have work for him anymore and fired Plaintiff.

29. Plaintiff WILSON VILLA seeks to recover overtime wages for every hour over 40 that he worked, liquidated damages, and any other relief as allowable by law.

30. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS

31. Plaintiff WILSON VILLA re-adopts every factual allegation stated in paragraphs 1-30 above as if set out in full herein.

32. Plaintiff WILSON VILLA brings this cause of action as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than

forty (40) hours during one or more weeks on or after October 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

33. Defendant TURCIOS GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an electrical contractor and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently supplies produced out of state by using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

34. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly situated regularly handled and worked on goods and materials produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

35. Defendants TURCIOS GROUP, HENRY TURCIOS, and LEONARDO RODRIGUEZ employed Plaintiff WILSON VILLA approximately from June 2013 to August 16, 2021, or more than eight years. However, for FLSA purposes, Plaintiff's relevant period of employment is 147 weeks.

36. Plaintiff was hired as a non-exempted, full-time, hourly electrician, and during the relevant time of employment, he was paid at the wage rate of $18.00 an hour.

37. During his relevant period of employment with Defendants, Plaintiff had a regular schedule, and he worked as follows:

38. From approximately October 18, 2018, to August 15, 2020, or 95 weeks, Plaintiff worked five days per week, a minimum average of 47.5 working hours weekly. (Plaintiff has already deducted 2.5 hours of lunchtime). Plaintiff was paid at $18.00 an hour, and his overtime rate should be $27.00 an hour.

39. From approximately August 16, 2020, to his last day of employment, August 16, 2021, or 52 weeks, Plaintiff worked six days, an average of 57 working hours weekly. (Plaintiff has already deducted 3 hours of lunchtime). Plaintiff was paid at $18.00 an hour, and his overtime rate should be $27.00 an hour.

40. Thus, while employed by Defendants, Plaintiff worked 95 weeks of 5 days with 47.5 hours and 52 weeks of 6 days with 57 working hours.

41. Defendants always required Plaintiff to work more than 40 hours weekly, but they did not pay Plaintiff overtime hours as required by the FLSA.

42. Plaintiff did not clock in and out. However, the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

43. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

44. Plaintiff was paid weekly, sometimes by direct deposits, sometimes with cash or checks accompanied by paystubs that did not provide information about the actual number of days and hours worked.

45. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the Defendants' possession and custody. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

46. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

47. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

48. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

49. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that this amount is based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Forty-Three Thousand One Hundred Five Dollars and 50/100 ($43,105.50)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: More than eight years
   Total number of relevant weeks: 147 weeks

   **1.- Overtime for 95 weeks with 5 days/ 47.5 working hours**

   Total relevant weeks: 95 weeks
   Total hours worked:  47.5 hours weekly
   Total unpaid O/T hours: 7.5 O/T hours weekly
   Regular rate: $18.00 x 1.5=$27.00
   O/T rate: $27.00

   O/T $27.00 x 7.5 O/T hours=$202.50 weekly x 95 weeks=$19,237.50.

   **2.- Overtime for 52 weeks with 6 days/ 57 working hours**

>> Total relevant weeks: 52 weeks
>> Total hours worked: 57 hours weekly
>> Total unpaid O/T hours: 17 O/T hours weekly
>> Regular rate: $18.00 x 1.5=$27.00
>> O/T rate: $27.00
>>
>> O/T $27.00 x 17 O/T hours=$459.00 weekly x 52 weeks=$23,868.00
>>
>> Total # 1 and #2: $43,105.50
>
> c. <u>Nature of wages (e.g., overtime or straight time):</u>
>
> This amount represents unpaid overtime wages.

50. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act, but no provision was made by the Defendants to pay them at the rate of time properly and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

51. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

52. At times mentioned, individual Defendants HENRY TURCIOS and LEONARDO RODRIGUEZ were the owners/partners/manager of TURCIOS GROUP. Defendants HENRY TURCIOS and LEONARDO RODRIGUEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TURCIOS GROUP concerning its employees, including Plaintiff and others similarly

situated. Defendants HENRY TURCIOS and LEONARDO RODRIGUEZ had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

53. Defendants TURCIOS GROUP, HENRY TURCIOS, and LEONARDO RODRIGUEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

54. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WILSON VILLA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff WILSON VILLA and other similarly situated individuals and against the Defendants TURCIOS GROUP, HENRY TURCIOS, and LEONARDO RODRIGUEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff WILSON VILLA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

## JURY DEMAND

Plaintiff WILSON VILLA demands trial by a jury of all issues triable as of right by a jury.

Dated:  February 24, 2022

                              Respectfully submitted,

                              By:  **/s/ Zandro E. Palma**
                              ZANDRO E. PALMA, P.A.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland Blvd.
                              Suite 1500
                              Miami, FL 33156
                              Telephone: (305) 446-1500
                              Facsimile:  (305) 446-1502
                              zep@thepalmalawgroup.com
                              *Attorney for Plaintiff*