**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-23709-DAMIAN

WILSON VILLA,
*and other similarly situated individuals*,

     Plaintiff,
vs.

TURCIOS GROUP CORP.,
HENRY TURCIOS, *individually*,
CONTRACTORS ELECTRICAL SERVICES,
INC., and LEONARDO RODRIGUEZ,

     Defendants,
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR
ENTRY OF A STIPULATED FINAL JUDGMENT AND
FOR AN AWARD OF ATTORNEY'S FEES [ECF NO. 51]**

THIS CAUSE is before the Court on Plaintiff, Wilson Villa's ("Plaintiff"), Motion for Entry of a Stipulated Final Judgment and For An Award of Attorney's Fees (the "Motion"), filed September 23, 2022. [ECF No. 51].[1]

THE COURT has reviewed the Motion and supporting documents, including the Affidavit of Amount of Indebtedness [ECF No. 51-1], and the pertinent portions of the record and is otherwise fully advised in the premises. Defendants, Turcios Group Corp. and Henry Turcios (collectively, the "Turcios Defendants"), have not filed a response to the Motion, and

---

[1] This matter is referred to the undersigned pursuant to the parties' Joint Notice of Consent to Jurisdiction by United States Magistrate Judge [ECF No. 46], and Order Referring Case to Magistrate Judge entered by the Honorable Kathleen M. Williams, United States District Judge, on behalf of the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 54]. *See* 28 U.S.C. § 636(c).

the time to do so has passed. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Entry of a Stipulated Final Judgment and For An Award of Attorney's Fees [ECF No. 51].

### I. BACKGROUND

Plaintiff filed the underlying lawsuit in October 2021 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking alleged unpaid overtime wages. [ECF No. 1]. On January 13, 2022, the Court held a settlement conference that resulted in an impasse. [ECF No. 20]. Thereafter, the parties mediated and reached a settlement on or about April 29, 2022. [ECF No. 39]. The parties entered into a Settlement Agreement and Release of FLSA Claims (the "Settlement Agreement") on May 31, 2022. *See* [ECF No. 42-1]; Motion at ¶ 1.

On June 7, 2022, the parties filed a Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice. [ECF No. 42].[2] On July 12, 2022, this Court entered an Order granting the parties' Joint Motion, approving the proposed Settlement Agreement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismissing the case with prejudice. [ECF No. 48]. This Court also retained jurisdiction to enforce the terms of the Settlement Agreement. *Id.* at 14.

Pursuant to the Settlement Agreement, the Turcios Defendants agreed to pay Plaintiff a total sum of $4,000.00 for alleged unpaid overtime wages and liquidated damages under the FLSA. *See* Settlement Agreement at ¶ 4a. The Turcios Defendants also agreed to pay $3,500.00 to Plaintiff's counsel for attorney's fees and $500.00 in costs. *Id.* Therefore, the

---

[2] Plaintiff entered into two separate settlement agreements: one with the Turcios Defendants and one with the other two defendants.

Turcios Defendants agreed to pay the total amount of $8,000.00, including the settlement amount and fees and costs. *Id.* The Settlement Agreement provides that the Turcios Defendants were required to pay the total amount due in four installments, as follows:

1. A first payment of U.S. Two-Thousand and 00/100 Dollars ($2,000.00) due on or before June 1st, 2022;

2. A second payment of U.S. Two-Thousand and 00/100 Dollars ($2,000.00) due on or before July 1st, 2022;

3. A third payment of U.S. Two-Thousand and 00/100 Dollars ($2,000.00) due on or before August 1st, 2022; and

4. A fourth and final payment of U.S. Two-Thousand and 00/100 Dollars ($2,000.00) due on or before September 1st, 2022.

*Id.* at ¶ 4b.

In the Motion, Plaintiff asserts that after paying the first three payments for a total of $6,000.00, the Turcios Defendants failed to pay the fourth and final payment of $2,000.00, which was due September 1, 2022. Motion at ¶ 4. On September 2, 2022, Plaintiff provided the Turcios Defendants with notice of the default, as required by the Settlement Agreement, but, according to Plaintiff, the Turcios Defendants have not cured their breach. *Id.* at ¶ 5.

Pursuant to the Settlement Agreement, the failure to timely cure any default requires entry of a stipulated final judgment against the Turcios Defendants, jointly and severally, in the amount of $18,000.00 (less any sums paid prior to the default). Agreement at ¶ 4c. The Agreement also provides for an award of attorney's fees and costs incurred in enforcing the Agreement. *Id.* Plaintiff filed the instant Motion for entry of a stipulated final judgment upon expiration of the three (3) business day cure period, as required under the Agreement. The record reflects that the Turcios Defendants have not filed a response to the Motion.

On September 30, 2022, this Court entered an Order to Show Cause directing the Turcios Defendants to show cause why Plaintiff's Motion should not be granted by default, pursuant to Southern District of Florida Local Rule 7.1(c)(1),[3] and ordering the Turcios Defendants to file a response to the Motion by October 7, 2022. [ECF No. 52]. The Turcios Defendants did not comply with this Court's Order.

## II.     APPLICABLE LEGAL STANDARDS

A district court has jurisdiction to enforce a settlement agreement where the court itself retained jurisdiction to do so. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278–79 (11th Cir. 2012) ("To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough.").

"Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977)); *see also Rodriguez v. Omega Empire, LLC*, No. 16-23991, 2017 WL 7803812, at *1 (S.D. Fla. Oct. 31, 2017) (Torres, J.) ("Settlement agreements are highly favored and encouraged in order to conserve judicial resources."), *report and recommendation adopted*, 2018 WL 1128474 (S.D. Fla. Jan. 12, 2018) (Cooke, J.); *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985) (noting "settlements are highly favored and will be enforced whenever possible").

State law governs both the construction of a settlement agreement and an attorney's authority to enter into a settlement agreement on behalf of his or her client. *Murchison v. Grand*

---

[3] Local Rule 7.1(c)(1) provides that the failure to respond "may be deemed sufficient cause for granting the motion by default."

4

*Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994) (citing *Ford v. Citizens & S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1120 (11th Cir. 1991)); *see also Vital Pharms., Inc. v. S.A.N. Nutrition Corp.*, No. 06-60646, 2007 WL 1655421, at *5 (S.D. Fla. June 6, 2007) (Cohn, J.). In Florida, settlement agreements are governed by contract law. *Robbie*, 469 So. 2d at 1385; *Vital Pharms.*, 2007 WL 1655421, at *6 ("Basic contract law applies to determine whether a settlement agreement is enforceable[.]"). The party seeking to enforce a settlement agreement has the burden of showing "assent by the opposing party and [establishing] that there was a meeting of the minds or mutual or reciprocal assent to certain definite propositions." *Ribich v. Evergreen Sales & Serv., Inc.*, 784 So. 2d 1201, 1202 (Fla. 2d DCA 2001); *see also Vital Pharms.*, 2007 WL 1655421, at *6.

For a settlement agreement to be enforceable, it must be "sufficiently specific and mutually agreeable on every essential agreement." *Vital Pharms.*, 2007 WL 1655421, at *6 (citing *Don L. Tullis & Assocs. v. Benge*, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985)). A contract exists where the acceptance of an offer is "absolute and unconditional, [and] identical with the terms of the offer . . . ." *Ribich*, 784 So. 2d at 1202; *Giovo v. McDonald*, 791 So. 2d 38, 40 (Fla. 2d DCA 2001) (what is an "essential term" of a contract differs according to the circumstances, but it must include the terms specified in an offer in order to make a contract).

### III. DISCUSSION

In the Motion, Plaintiff requests entry of a stipulated final judgment in the amount of $12,000.00 plus additional attorney's fees in the amount of $2,000.00 and interest. Plaintiff also requests the Court retain jurisdiction for any post-judgment proceedings.

Importantly, this Court retained jurisdiction to enforce the terms of the parties' Settlement Agreement by prior order. [ECF No. 48 at 14]. The Court finds that Plaintiff is

entitled to the relief requested in his Motion. There is no basis in the record to find any dispute that the parties reached a settlement of the case. The record also shows that the parties, through their counsel, reached an agreement on all material terms of the parties' Settlement Agreement. Indeed, the Agreement was approved by this Court, and the Turcios Defendants made three payments pursuant to the terms of the Agreement. Therefore, the Court finds that such an undisputed agreement and meeting of the minds between the parties is fully enforceable under Florida law. *See Rodriguez*, 2017 WL 7803812, at *1.

Accordingly, Plaintiff is entitled to a stipulated final judgment as required by the parties' Settlement Agreement in the amount of $12,000.00, which represents the default amount ($18,000.00) minus sums paid by the Turcios Defendants prior to the default ($6,000.00).

The Court also finds that Plaintiff is entitled to an award of attorney's fees pursuant to the terms of the Settlement Agreement. In the Motion, Plaintiff seeks an award of $2,000.00 in fees incurred by counsel in the enforcement of the parties' Agreement. The Court finds this fee award is warranted, based on the terms of the Agreement, and reasonable, based on the Court's own knowledge and experience.[4] Therefore, the stipulated final judgment shall include an award of attorney's fees in the amount of $2,000.00, for a total stipulated final judgment of $14,000.00, plus post-judgment interest accruing from the date such final judgment is entered.

---

[4] *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question [of reasonable hourly rates and hours expended] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))).

## IV.  CONCLUSION

Accordingly, for all the reasons set forth above, it is hereby

ORDERED and ADJUDGED that Plaintiff's Motion for Entry of Stipulated Final Judgment and For An Award of Attorney's Fees [ECF No. 51] is **GRANTED** as follows:

1. A Stipulated Final Judgment shall be entered by separate order, pursuant to Federal Rule of Civil Procedure 58, in favor of Plaintiff, Wilson Villa, and against Defendants, Turcios Group Corp. and Henry Turcios, jointly and severally, for the amount of $14,000.00, in U.S. currency, which consists of $12,000.00 as damages and $2,000.00 in attorney's fees;

2. The Stipulated Final Judgment shall bear post-judgment interest at the statutory rate of 3.08 percent per annum from the date final judgment is entered; and

3. This Court shall retain jurisdiction for any post-judgment proceedings.

**DONE and ORDERED** in Chambers at Miami, Florida this 1st day of November 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record